IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| EDWARD COLLIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 5:09-CV-362 |
| | ) | |
| CORRECTHEALTH BIBB, LLC., | ) | |
| a Georgia Corporation, | ) | |
| RHETT THOMPSON, | ) | |
| SHANNON CONLEY, and | ) | |
| MICHELLE DELATORY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER OF DEFENDANTS CORRECTHEALTH BIBB, LLC, RHETT THOMPSON, SHANNON CONLEY, AND MICHELLE DELATORY

COME NOW Defendants CorrectHealth Bibb, LLC, Rhett Thompson,

Shannon Conley, and Michelle Delatory, and file their Answer, showing this Court

the following:

### FIRST DEFENSE

Plaintiffs' complaint fails to state a claim for which relief may be granted.

## SECOND DEFENSE

Plaintiffs' complaint may subject to dismissal on the merits for failure to state a claim upon which relief may be granted due to Plaintiffs' failure to comply with O.C.G.A. § 9-11-9.1 by failing to file an affidavit of an expert qualified to render opinions pursuant to O.C.G.A. §24-9-67.1 simultaneously with the Complaint in this case. Plaintiff's experts may fail to satisfy the requirements of O.C.G.A. § 9-11-9.1 and/or O.C.G.A. § 24-9-67.1 or may be otherwise unqualified to testify against Defendants.

## THIRD DEFENSE

Some or all of plaintiff's claims may be barred by the expiration of the statute of limitations.

## FOURTH DEFENSE

At all times relevant hereto, the care and treatment of Plaintiff by Defendants met or exceeded the standard of care applicable to members of the medical profession generally under the same or similar circumstances.

## FIFTH DEFENSE

Defendants deny any negligence in the medical care and treatment rendered to Plaintiff.

## SIXTH DEFENSE

Defendants did not breach any duty owed to the Plaintiff.

## SEVENTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of Defendants and any alleged injuries to Plaintiff.

## EIGHTH DEFENSE

Plaintiff was either contributorily or comparatively negligent and/or assumed the risks of the events alleged in Plaintiff's Complaint.

## NINTH DEFENSE

The injuries allegedly suffered by Plaintiff may have been the result of actions or omissions of individuals over whom Defendants had no control; therefore, Defendants cannot be liable to the Plaintiff.

## TENTH DEFENSE

Plaintiff has not been subjected to the deprivation of any rights, privileges or immunities secured under the constitution or the laws of the United States or the State of Georgia and, therefore, his claims should be dismissed.

## ELEVENTH DEFENSE

Some or all of the Plaintiff's claims may be barred by the Doctrine of Sovereign Immunity and Eleventh Amendment Immunity.

3

## TWELFTH DEFENSE

Defendants show that there is no *respondeat superior* liability under 42

U.S.C. § 1983 and, as such, the Plaintiff's claims are barred in whole or in part to

the extent that separate claims are asserted against Defendants in that capacity.

Defendants show that the Plaintiff has suffered no constitutional deprivation or

violation of any rights secured by 42 U.S.C. § 1983 or § 12131, *et seq.*, or any

Federal statute.

## THIRTEENTH DEFENSE

The Plaintiff's Claims may be barred in whole or in part by his failure to

comply with the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, *et

seq.*

## FOURTEENTH DEFENSE

All of the Plaintiff's claims brought against these Defendants in their official

capacities are not claims against a "person", pursuant to 42 U.S.C. § 1983 and,

therefore, said claims against these Defendants in their official capacities should be

dismissed.

## FIFTEENTH DEFENSE

Plaintiff's claims against these Defendants in their official capacities are barred by the Eleventh Amendment of the United States Constitution and these Defendants are entitled to sovereign immunity against said claims. Plaintiff's claims against these Defendants in their individual capacities are barred in whole or in part by their qualified immunity to the claims asserted pursuant to 42 U.S.C. § 1983.

## SIXTEENTH DEFENSE

Defendants respond to the specific numbered paragraphs of Plaintiffs' complaint as follows:

## JURISDICTION AND VENUE

1.

Admitted.

2.

Admitted.

## PARTIES

3.

Admitted.

4.

Admitted.

5.

Admitted.

6.

Defendants admit that in October 2007, Rhett Thompson was and is a registered nurse.

7.

Defendants admit that in October 2007, Shannon Coney was and is a licensed practical nurse.

8.

Defendants admit that in October 2007, Michelle Delatory was the Health Services Coordinator at the Bibb County Jail.  Defendants deny all other allegations contained in Paragraph 8.

## FACTUAL ALLEGATIONS

9.

Admitted.

10.

Defendants have insufficient information to admit or deny the allegations contained in Paragraph 10, therefore same are denied.

11.

Defendants have insufficient information to admit or deny the allegations contained in Paragraph 11, therefore same are denied.

12.

Defendants have insufficient information to admit or deny the allegations contained in Paragraph 12, therefore same are denied.

13.

Defendants have insufficient information to admit or deny the allegations contained in Paragraph 13, therefore same are denied.

14.

Defendants have insufficient information to admit or deny the allegations contained in Paragraph 14, therefore same are denied.

15.

Defendants have insufficient information to admit or deny the allegations contained in Paragraph 15, therefore same are denied.

16.

Defendants have insufficient information to admit or deny the allegations contained in Paragraph 16, therefore same are denied.

17.

Defendants have insufficient information to admit or deny the allegations contained in Paragraph 17, therefore same are denied.

18.

Defendants have insufficient information to admit or deny the allegations contained in Paragraph 18, therefore same are denied.

19.

Defendants have insufficient information to admit or deny the allegations contained in Paragraph 19, therefore same are denied.

20.

Defendants admit that Plaintiff had contact with Defendants Coney and Thompson on October 24, 2007. All other allegations contained in Paragraph 20 are denied.

21.

Defendants deny Paragraph 21.

22.

Defendants deny Paragraph 22.

23.

Defendants deny Paragraph 23.

24.

Defendants deny Paragraph 24.

25.

Defendants admit Mr. Collier exhibited a left side facial droop, which he claimed to have pre-existed his incarceration.  Defendants deny all other allegations contained in Paragraph 25.

26.

Defendants deny Paragraph 26 as stated.

27.

Defendants deny Paragraph 27.

28.

Defendants deny Paragraph 28.

29.

Defendants deny Paragraph 29.

30.

Defendants admit that Plaintiff was not evaluated by a physician on October 24, 2007. Defendants deny all other allegations contained in Paragraph 30.

31.

Admitted.

32.

Admitted.

33.

Admitted.

34.

Defendants deny Paragraph 34.

35.

Defendants deny Paragraph 35 as stated.

36.

Defendants deny Paragraph 36.

37.

Defendants deny Paragraph 37 as stated.

38.

Defendants admit that Plaintiff was in the infirmary from approximately 1745 on October 24, 2007 to 0915 on October 25, 2007.

39.

Defendants have insufficient information to admit or deny the allegations contained in Paragraph 39, therefore same are denied.

40.

Defendants have insufficient information to admit or deny the allegations contained in Paragraph 40, therefore same are denied.

41.

Defendants have insufficient information to admit or deny the allegations contained in Paragraph 41, therefore same are denied.

42.

Defendants have insufficient information to admit or deny the allegations contained in Paragraph 42, therefore same are denied.

43.

Defendants deny Paragraph 43.

44.

Defendants deny Paragraph 44 as stated.

45.

Defendants have insufficient information to admit or deny the allegations

contained in Paragraph 45, therefore same are denied.

46.

Defendants have insufficient information to admit or deny the allegations

contained in Paragraph 46, therefore same are denied.

47.

Defendants have insufficient information to admit or deny the allegations

contained in Paragraph 47, therefore same are denied.

48.

Defendants have insufficient information to admit or deny the allegations

contained in Paragraph 48, therefore same are denied.

49.

Defendants deny Paragraph 49.

50.

Defendants deny Paragraph 50.

51.

Defendants deny Paragraph 51.

52.

Defendants deny Paragraph 52.

53.

Defendants deny Paragraph 53.

54.

Defendants state that Paragraph 54 requires no response, as it is merely

attempts to state a legal standard or interpretation.  To the extent Paragraph 54

requires a response, Defendants hereby deny Paragraph 54 as stated.

## PROFESSIONAL AFFIDAVIT

55.

Defendants admit that the affidavit of Jimmy Graham, M.D. was attached to

Plaintiff's Complaint.  Defendants deny all allegations contained in Dr. Graham's

affidavit.  Defendants have insufficient information to admit or deny the remaining

allegations contained in Paragraph 55, therefore same are denied.

56.

Defendants have insufficient information to admit or deny the allegations

contained in Paragraph 56, therefore same are denied.

57.

Defendants deny Paragraph 57 as stated.

## CAUSES OF ACTION – COUNT I – NEGLIGENCE

58.

Defendants deny Paragraph 58, including Section A of Paragraph 58.

59.

Defendants deny Paragraph 59 as stated.

60.

Defendants deny Paragraph 60.

61.

Defendants deny Paragraph 61.

62.

Defendants deny Paragraph 62.

63.

Defendants admit that as medical professionals they should treat patients within the applicable standard of care.  Defendants deny all other allegations contained in Paragraph 63.

64.

Defendants deny Paragraph 64 as stated.

14

## COUNT II – DELIBERATE INDIFFERENCE

65.

Defendants deny Paragraph 65.

66.

Defendants deny Paragraph 66.

## SIXTEENTH DEFENSE

All allegations contained in Plaintiffs' Complaint that are not specifically admitted are hereby denied.

WHEREFORE, having fully responded to Plaintiff's Complaint For Damages, Defendants pray as follows:

1.     That Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted;

2.     That Defendants' defenses be inquired into and that the same be sustained;

3.     That Defendants have judgment in their favor and against the Plaintiff;

4.     That Plaintiff recover nothing against Defendants;

5.     That Defendants have a trial by jury;

6.     That all costs be taxed against the Plaintiff; and

7.     That this Court enter such other and further relief as it deems just and

proper under the circumstances.

This 4th day of November, 2009.


                                    Respectfully submitted,

                                    THE WEATHINGTON FIRM, P.C.

                                    /s/ Thomas E. Lavender III
                                    Paul E. Weathington
                                    Georgia Bar No.: 743120
                                    Thomas E. Lavender III
                                    Georgia Bar No. 439389
                                    Attorneys for Defendants


191 Peachtree St., NE
Suite 3900
Atlanta, Georgia 30303
(404) 524-1600
(404) 524-1610 (fax)
pweathington@weathingtonfirm.com
tlavender@weathingtonfirm.com

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EDWARD COLLIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| v. | ) 5:09-CV-362 |
| | ) |
| CORRECTHEALTH BIBB, LLC., | ) |
| a Georgia Corporation, | ) |
| RHETT THOMPSON, | ) |
| SHANNON CONLEY, and | ) |
| MICHELLE DELATORY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically served a true and correct

copy of the foregoing ANSWER OF DEFENDANTS CORRECTHEALTH BIBB,

LLC, RHETT THOMPSON, SHANNON CONLEY, AND MICHELLE

DELATORY upon all counsel of record via e-file on CM/ECF as follows:

G. Brian Spears
1126 Ponce de Leon Avenue, N.E.
Atlanta, Georgia 30306

This  4th day of November, 2009.

THE WEATHINGTON FIRM, P.C.

/s/ Thomas E. Lavender III
Thomas E. Lavender III
Georgia Bar No. 439389
Attorneys for Defendants


191 Peachtree St., NE
Suite 3900
Atlanta, Georgia 30303
(404) 524-1600
(404) 524-1610 (fax)
pweathington@weathingtonfirm.com
tlavender@weathingtonfirm.com