IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EDWARD COLLIER, | : |
| Plaintiff, | : |
| v. | : No. 5:09-CV-362 (CAR) |
| CORRECTHEALTH BIBB, LCC, a Georgia Corporation, RHETT THOMPSON, and SHANNON CONLEY, | : |
| Defendants. | : |

**ORDER ON PARTIES' MOTIONS**

This matter comes before the Court on Plaintiff's Motion for Leave to Amend Complaint and to Dismiss Action Without Prejudice [Doc. 35]. In that motion, Plaintiff seeks leave to amend his complaint to withdraw his federal deliberate indifference claim and then to voluntarily dismiss the case without prejudice. Also pending before the Court are: 1) Defendants' Motion for Summary Judgment [Doc. 38], 2) Defendants' Motion for Leave to File a Sur-Reply Brief in regard to Plaintiff's motion to amend and dismiss [Doc. 62], and 3) Defendants' <u>Daubert</u> Motion to Exclude Certain Opinion Testimony of John Rothrock, M.D. [Doc. 69].

Turning first to Defendants' Motion for Leave to File a Sur-Reply Brief, the Court finds that a sur-reply is not necessary in this case. Sur-reply briefs are not favored in the Middle District of Georgia. M.D. Ga. L.R. 7.3.1(b). Defendants fail to demonstrate the necessity of additional briefing on the issue, and the Court finds that it does not require a sur-reply brief in order to decide this issue. Accordingly, Defendants' Motion for Leave to File a Sur-Reply Brief [Doc. 62] is **DENIED**.

After duly considering Plaintiff's Motion for Leave to Amend and to Dismiss, the Court finds that Defendants will not suffer clear legal prejudice if the motion is granted. Accordingly, Plaintiff's Motion for Leave to Amend and to Dismiss the Action Without Prejudice [Doc. 35] is **GRANTED**, subject to the conditions set forth below. As a result, Defendants' Motion for Summary Judgment [Doc. 38] and Daubert Motion to Exclude Certain Expert Testimony [Doc. 69] are **DENIED** as moot.

## I. BACKGROUND

This case raises both civil rights and medical malpractice claims based on the medical care that Plaintiff Edward Collier ("Collier") received at the Bibb County Law Enforcement Center. Because a summary judgment motion filed by Defendants is pending before the Court, the following facts are presented in the light most favorable to Collier's claims.

On October 10, 2007, Collier was taken into custody by the Bibb County Sheriff's Department on a bench warrant for failure to appear at a court hearing. When Collier arrived at the Law Enforcement Center, he received an initial medical screening. That evening he reported chest pains and shortness of breath. He was taken to the infirmary where an EKG was performed. Medical records indicate that he was diagnosed with anxiety and returned to general population.

On October 24, 2007, at around 5 p.m., Collier began to suffer various symptoms: severe headache, numbness on his left side, blurry vision, and difficulty breathing. Another prisoner, Rufus Little, reported that Collier was slurring his speech during a phone call with his wife, that Collier's face was drooping on the left side, and that he was drooling from his mouth. When Little tried to assist Collier to get off his bed, Collier experienced weakness in his left leg and was dragging his feet as he attempted to walk.

When Sheriff's Deputies arrived at his cell, Collier informed them that he felt weak on his

left side and had nearly fallen when getting up from his bunk. After removing Collier from the cell area, the Deputies transported him to the infirmary, which is operated by Defendant CorrectHealth Bibb, LLC ("CorrectHealth"). He arrived at the infirmary around 5:40 p.m.

Upon arriving at the infirmary, Collier was seen by Defendant Shannon Coney ("Coney"), a nurse at the facility. Coney obtained a medical history from Collier and performed a medical evaluation that included a neurological evaluation and a check of his bilateral arm strength, balance, and speech. Collier reported to Coney that he had a severe headache, that his left side was numb and weak, and that his vision was blurred. Coney also noted that Collier was experiencing a facial droop. Upon further questioning, he informed Coney that he had not always suffered from a facial droop. Although Collier requested to go to the hospital, Coney determined that Collier was not experiencing a medical emergency. Coney gave him an over the counter medication for his headache and moved him to another room in the infirmary for observation. Coney never consulted a physician regarding Collier's situation. Coney went off duty shortly after 7:20 p.m.

Defendant Rhett Thompson ("Thompson"), another nurse at the facility, came on duty at 7:00 p.m. that night. Coney briefed Thompson on Collier's situation. Thompson first visited Collier at approximately 10:30 p.m. that night. Thompson noted that Collier was experiencing left side weakness and was unable to raise his left arm. Thompson recorded that Collier's vital signs were within normal limits, but performed no further diagnostic tests. Thompson monitored Collier throughout the night and noted no signs of distress. Thompson also never consulted with a physician regarding Collier's situation.

Sometime after 9 a.m. on the morning of October 25, 2007, Collier was taken before a magistrate in a jail courtroom. The magistrate found that Collier had not received notice of his earlier court date and ordered him released. Collier returned to the infirmary where he remained

until he was released later that afternoon. Collier did not receive any medical assistance or diagnosis at the infirmary on the 25th.

Collier was released to his family at approximately 5 p.m. on October 25, 2007. At that time, he was unable to walk on his own, was dragging his foot, and was drooling. His family took him immediately to the Medical Center of Central Georgia. Doctors at the medical center diagnosed Collier as having suffered a stroke.

On October 12, 2009, Collier filed his complaint against CorrectHealth, Coney, Thompson, and Michelle Delatory.[1] The complaint contained two claims: a claim for medical negligence under Georgia law ("Count I") and a claim for deliberate indifference under the Eighth and Fourteenth Amendments ("Count II"). Both claims were premised on the argument that Defendants failed to properly evaluate, diagnose, and treat Collier's condition.

On January 5, 2010, the Court issued a Scheduling/Discovery Order. The Order provided that discover was to be completed by May 4, 2010, and dispositive motions were due by June 18, 2010. On April 30, 2010, the parties filed a consent motion requesting an extension of time to complete discovery. The Court granted that motion, extending the discovery deadline to August 2, 2010, and the dispositive motion deadline to September 16, 2010.

On July 12, 2010, Collier filed a motion for leave to amend his complaint and dismiss the action without prejudice [Doc. 35], which is currently before the Court. In his motion, Collier requested leave to amend his complaint to withdraw the claim for deliberate indifference under the Eighth and Fourteenth Amendments. He proposed that the claim be dismissed with prejudice. He also requested that the remaining state law claim for medical negligence be dismissed without

---

[1] The parties later stipulated to the dismissal of Michelle Delatory.

4

prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, subject to certain conditions. Defendants opposed Collier's request.

On July 21, 2010, Defendants also filed a motion for summary judgment on both claims [Doc. 38], which is also currently before the Court.

## II. DISCUSSION

### A. Collier's Motion for Leave to Amend and to Dismiss

Collier requests two separate actions that will ultimately result in the dismissal of his entire case in this Court. First, Collier requests leave to amend his complaint, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, in order to remove Count II, the federal claim for deliberate indifference. He stipulates that Count II may be dismissed with prejudice. Second, Collier requests that the Court allow him to voluntarily dismiss the remaining case pursuant to Rule 41(a)(2), resulting in the dismissal of Count I, the state law medical negligence claim, without prejudice. Collier proposes that voluntary dismissal be granted subject to the following conditions: 1) that Collier renew this action in the State Court or Superior Court of Bibb County, Georgia, within the time required by Georgia law for renewal, 2) that in the renewal action, Collier not assert a claim alleging a violation of federal constitutional rights, including a claim of deliberate indifference to medical needs, 3) that all discovery developed in this suit be available for the parties' use in the renewal action, and 4) that no further depositions shall be taken by the parties in the renewal action of any witness previously deposed in this action.

Collier correctly notes that Rule 15 provides a procedural mechanism for amending a complaint, including withdrawing a claim. By also requesting that the Court then dismiss Count I without prejudice, however, Collier ultimately seeks the dismissal of the entire action pending before the Court. Accordingly, the Court considers Collier's motion as a motion to voluntarily

5

dismiss under Rule 41(a)(2). Specifically, Collier seeks dismissal of Count I, the state law medical negligence claim, without prejudice, subject to the conditions listed above, but stipulates that Count II, the federal deliberate indifference claim, be dismissed with prejudice.

Rule 41 provides for the dismissal of actions. A plaintiff may voluntarily dismiss a pending action without a court order in two ways: 1) by filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment or 2) by filing a stipulation of dismissal signed by all the parties that have appeared. Fed. R. Civ. P. 41(a)(1)(A). Neither avenue remains open in this case because Defendants filed an answer prior to Collier's motion and because Defendants oppose this motion to voluntarily dismiss. Instead, Collier must proceed under Rule 41(a)(2), which grants district courts the discretionary authority to dismiss an action "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); see Berry v. Gen. Star Nat'l Ins. Co., 190 F.R.D. 697, 698 (M.D. Ala. 2000).

"The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001). In the absence of clear legal prejudice to the defendant, a voluntary dismissal should be granted. Id. "'The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal.'" Id. (quoting Durham v. Florida East Coast Ry. Co., 385 F.2d 366, 368 (5th Cir.1967)).

Defendants claim that a dismissal without prejudice at this juncture would impose clear legal prejudice on them because it would allow Collier the opportunity to develop further expert testimony in support of Count I if he refiles that claim in state court. This case is currently under a Scheduling/Discovery Order that required the parties to identify all expert witnesses by February 24, 2010. In their motion for summary judgment, which was filed after Collier filed his motion for

6

leave to amend and dismiss, Defendants contend that Collier's expert witness evidence is insufficient to advance this case past the summary judgment stage. Thus, Defendants argue, if Count I is dismissed without prejudice, Collier will then be able to refile that claim in state court and attempt to elicit further discovery to cure the alleged shortcomings in the expert testimony.

Defendants may well be correct that Collier will refile his case in state court; nonetheless, the Court finds that Defendants will not suffer clear legal prejudice if Collier's motion is granted. Subjecting Defendants to the prospect of a second lawsuit on the same set of facts is not sufficient to constitute plain legal prejudice that would justify denying a motion to dismiss without prejudice. Pontenberg, 252 F.3d at 1255. Defendants argue that they face more than the mere prospect of a second lawsuit because they have filed what they contend is a meritorious motion for summary judgment on Count I. The pendency of a summary judgment motion, however, does not preclude a district court from granting a Rule 41(a)(2) dismissal without prejudice. See id. at 1258 ("We decline to adopt a per se rule that the pendency of a summary judgment motion precludes a district court from granting a Rule 41(a)(2) voluntary dismissal without prejudice. Rule 41(a) expressly contemplates situations in which the district court may, in its discretion, dismiss an action without prejudice even after the defendant has moved for summary judgment."). In Pontenberg, the Eleventh Circuit upheld the grant of a motion to dismiss without prejudice even though a summary judgment motion based in part on the complete exclusion of the plaintiff's expert witnesses was pending. Id. at 1257-59. Thus, Defendants' pending summary judgment motion does not prevent the Court from granting a voluntary dismissal under Rule 41.

Moreover, there is no indication that Collier filed his motion to voluntarily dismiss in order to avoid an adverse ruling on the merits. Defendants did not file their summary judgment motion until after Collier filed his motion for leave to amend and dismiss, and there has been no finding at

7

this point that Defendants are correct in their contention that Collier's expert witness evidence is insufficient to support his claim. Instead, given Collier's stipulation to the dismissal of the federal law deliberate indifference claim with prejudice and his proposed conditions that he renew his action in state court and not assert a claim for the violation of a federal constitutional right, it appears he is likely motivated by a desire to move this action to state court and keep it there. Even assuming that is his motivation, however, that a plaintiff may gain a tactical advantage as a result of a voluntarily dismissal is no bar to granting a voluntary dismissal. Der v. E.I. DuPont de Nemours & Co., 142 F.R.D. 344, 346 (M.D. Fla. 1992).

  B. Conditions on Voluntary Dismissal

  The Court turns now to Collier's proposed conditions for voluntarily dismissing this case. When granting a dismissal without prejudice under Rule 41(a)(2), a district court possesses broad discretion in determining what terms and conditions should be imposed as a condition for dismissal. Farmaceutisk Laboratorium Ferring v. Reid Rowell, Inc., 142 F.R.D. 179, 181 (N.D. Ga.1991). Although phrased as a request to amend his complaint, Collier stipulates that the dismissal of Count II, the federal law deliberate indifference claim, be with prejudice. The Court finds that the dismissal of Count II with prejudice will protect Defendants' rights because it operates as an adjudication on the merits of that claim in the same manner as granting Defendants' motion for summary judgment on that claim.[2]

  Collier proposes that the Court dismiss Count I, the state law medical negligence claim, without prejudice on the condition that in a renewed action he not assert a claim alleging any

---

[2] In their response to Collier's motion to amend and dismiss, Defendants agree that Collier's claim for a violation of federal constitutional rights should be dismissed with prejudice. [Doc. 37 at 6].

8

violation of a federal constitutional right, including a claim for deliberate indifference to medical needs. The dismissal of Collier's deliberate indifference claim with prejudice operates as a bar to him asserting that claim in another action, totally independent of any separate condition to that effect. Therefore, to the extent that Collier's second condition focuses on that claim, it is superfluous. However, conditioning dismissal of Count I on Collier's inability to file any claim based in federal law will protect Defendants from having to face any federal claims not previously raised in this litigation.[3] Accordingly, as a condition on the voluntarily dismissal, Collier may not assert any federal law claim based on the facts underlying this case in any renewed action.

Collier next proposes that he refile this action in the State Court or Superior Court of Bibb County within the time required by Georgia law for the renewal of actions. This condition could be taken in two ways. Either that he renew his action in state, as opposed to federal court, or that he renew his action in state court, as opposed to not renewing it at all. The Court will not condition dismissal of Count I without prejudice on Collier renewing his action in state court, as opposed to not at all. Ordering Collier to renew this action does not protect Defendants because Collier may well decide that renewing this action is inappropriate for any number of reasons. To the degree that Collier proposes he be restricted to renewing his action in state as opposed federal court, it is unclear what protection this affords Defendants. Given that dismissal will be under the condition that Collier not file any claim based on a federal law in a renewed action and that his state law medical negligence claim provides no independent basis for federal jurisdiction, conditioning dismissal on Collier renewing the case in state as opposed to federal court appears superfluous. Moreover,

---

[3] Although Collier refers to a federal constitutional claim, the Court interprets Collier as referring to any claim based on federal law. If Collier considers this an unduly burdensome extension on his proposed conditions, he may move the Court to vacate this Order.

9

Defendants do not voice any objection to a federal forum. Quite the contrary, they request that this Court decide the matter on their pending motion for summary judgment. Because this condition offers little protection to Defendants' interests, the Court will not impose this condition.

Collier also proposes that all discovery, including depositions and written discovery, shall be available for the parties' use in any renewed action in the same manner as if the action had remained before this Court. Defendants argue that this condition does not adequately protect them because this Court cannot order a state court as to how discovery will be used in that state court proceeding. Defendants have not, however, pointed to any particular way that discovery already developed in this case will be treated differently in state court in a way detrimental to them.

In any event, the Court finds that Defendants will be adequately protected as long as all discovery developed at this point remains available to the parties in any renewed action. Because both the deliberate indifference claim and the medical negligence claim are based on the same underlying factual situation, the bulk of the discovery in this case will remain applicable in any renewed action based solely on the medical negligence claim. As long as that discovery remains available to the parties, Defendants will be protected from any potentially duplicative costs for reproducing discovery materials already developed in this action. See O.C.G.A. § 9-11-32(a)(5)("[W]hen an action in any court of the United States . . . has been dismissed and another action involving the same subject matter is afterward brought between the same parties . . . , all depositions lawfully taken and duly filed in the former action may be used in the latter as if originally taken therefor."). Protecting Defendants against the cost of reproducing discovery material already developed in the litigation sufficiently guards their interests. Accordingly, as a condition of dismissal, any discovery already developed in this action shall remain available to the parties in any renewed action.

10

Finally, Collier proposes that no further deposition of any witness who has already been deposed in this action shall be taken in any renewed action by either party. Defendants oppose this condition because any new evidence uncovered during discovery in a subsequent action in state court or any new state law claim that might be asserted in such an action might necessitate re-deposing individuals already deposed in this case. The Court agrees with Defendants. Collier has not proposed that he be barred from asserting additional state claims as a condition of voluntary dismissal, and he may well take advantage of any discovery period provided in state court. Defendants should remain free to depose any individuals previously deposed to meet any new evidence or claims.

In addition to opposing Collier's proposed conditions, Defendants suggest several of their own. Defendants request as a condition of dismissal that Collier agree that he will not attempt to introduce any additional expert testimony at any subsequent proceeding and that he reimburse Defendants for all expenses of litigation incurred to date. The Court finds these conditions overly burdensome. As the Court noted above, there is a large overlap between Collier's deliberate indifference claim and his medical negligence claim, thus it is likely a majority of the work expended on the litigation thus far will remain useful in any subsequently filed action.

Defendants ultimately request that if dismissal is granted, then the entire action be dismissed with prejudice. As previously noted, Collier has stipulated to the dismissal of Count II, the deliberate indifference claim, with prejudice, and the Court has agreed to dismiss that claim with prejudice. The Court finds, however, that the previously discussed conditions adequately protect Defendants' interests. Thus, Count I will be dismissed without prejudice.

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion for Leave to Amend and to Dismiss

Action Without Prejudice [Doc. 35] is **GRANTED**. Count I, the state law medical negligence claim, will be **DISMISSED WITHOUT PREJUDICE**, subject to the conditions set forth in this Order. Those conditions are as follows: 1) Plaintiff may not assert any claim based on federal law in any renewed action; and 2) Any discovery developed in this case shall remain available to the parties in any renewed action. The Court finds that these conditions will adequately protect Defendants' interests. Count II, the federal deliberate indifference claim, is **DISMISSED WITH PREJUDICE**.

A sur-reply is not necessary on this issue; thus, Defendants' Motion for Leave to File a Sur-Reply Brief [Doc. 62] is **DENIED**.

Having granted Plaintiff's motion to voluntarily dismiss the case, Defendants' Motion for Summary Judgment [Doc. 38] and <u>Daubert</u> Motion to Exclude Certain Expert Testimony [Doc. 69] are **DENIED** as moot.

SO ORDERED this 25th day of February, 2011.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

bcw